UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE ANGELA
BRACK,

    Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

Civil Action No.: 20-11323
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 24]**

Plaintiff Michelle Angela Brack, acting *pro se*, appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act. The Honorable Matthew F. Leitman referred this matter to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). Brack failed to file a motion for summary judgment, despite an order to show cause from the Court and another extension of time to do so. She has offered no excuse for violating the Court's orders. For this reason, and for others discussed below, the Court **RECOMMENDS** that Brack's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under

Federal Rule of Civil Procedure 41(b).

## I. BACKGROUND

In December 2020, the Court ordered Brack to move for summary judgment by January 4, 2021, and the Commissioner to file its motion by February 3, 2021. ECF No. 15. Brack filed no motion, so the Court ordered Brack to file her motion for summary judgment or show cause why this action not be dismissed under Rule 41(b) for failure to prosecute. ECF No. 16. Brack then requested an extension to file her motion, so the Court issued an amended scheduling order directing Brack to move for summary judgment by April 5, 2021, and the Commissioner to file its motion by May 5, 2021. ECF No. 18; ECF No. 19. Brack still filed no motion for summary judgment.

## II. ANALYSIS

### A.

Federal Rule of Civil Procedure 41 governs dismissals of actions. For involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). A federal court may *sua sponte* dismiss a case

for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b) ]—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Court notes that, even after it warned Brack that a failure to

3

timely respond to the order to show cause might result in dismissal of her case for failure to prosecute and then granted her requested extension, she failed to file her motion or seek another extension. Thus, the first and third factors weigh in favor of dismissal. *See Sabbota v. Comm'r of Soc. Sec.*, 2018 WL 36261590, at *2 (E.D. Mich. July 5, 2018), *adopted*, 2018 WL 3621064 (E.D. Mich. July 30, 2018).

Addressing the second factor, Brack's failure led to a delay of litigation causing little, if any, prejudice to the Commissioner here. But the fourth factor weighs heavily in favor of dismissal. Brack was warned that her case would be dismissed if she did not file her motion or otherwise respond to this Court's orders. Brack's failure to substantively participate in this case since the filing of the complaint suggests the futility of imposing lesser sanctions. Under these circumstances, courts in this district have overwhelmingly found that "dismissal is the only appropriate remedy." *Id.; see Shavers v. Comm'r of Soc. Sec.*, 2019 WL 7766098, at *2 (E.D. Mich. Dec. 6, 2019), *adopted*, 2020 WL 475355 (E.D. Mich. Jan. 29, 2020) (collecting cases).

**B.**

The Court recognizes the debate about the propriety of dismissing pro se social security complaints for want of prosecution. *Lewis v. Colvin*,

2017 WL 912117, at *3 (E.D. Mich. Feb. 1, 2017), adopted, 2017 WL 896152 (E.D. Mich. Mar. 7, 2017). In *Wright v. Comm'r of Soc. Sec.*, the court held that dismissing for failure to file a motion for summary judgment was unwarranted because the plaintiff had "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010). *Wright* questions whether a pro se plaintiff's failure to file a motion for summary judgment, contrary to a scheduling order requirement to do so, can ever constitute such delay or misconduct to support dismissal under Rule 41(b). But as noted, this district consistently favors dismissal for want of prosecution when a plaintiff fails to move for summary judgment. *Porter v. Comm'r of Soc. Sec.*, 17-14113, 2019 WL 4127156, at *3, n.2 (E.D. Mich. Jan. 11, 2019), *adopted*, 2019 WL 4077644 (E.D. Mich. Aug. 29, 2019); *Sabotta*, 2018 WL 36261590, at *2, n.3.

And *Wright* is distinguishable. As noted in *Porter,* "the administrative record in *Wright* clearly showed that the ALJ's decision to deny benefits was not supported by substantial evidence, and the case was remanded for an award of benefits, the Court noting that 'proof of plaintiff's disability is strong and evidence to the contrary is non-existent.'" *See Porter,* 2019 WL 4127156, at *4 (quoting *Wright,* 2010 WL 5420990, at *9). Unlike in *Wright*,

5

a review of this record shows that the ALJ's decision was thorough and supported by substantial evidence.

The ALJ found that Brack suffered the severe impairments of "obstructive sleep apnea (OSA), obesity, gastroesophageal reflux disease (GERD), plantar calcaneal spur, small umbilical hernia, sciatica and S1 radiculitis, adjustment disorder with mixed anxiety and depressed moods, generalized anxiety disorder (GAD), and panic disorder."  ECF No. 14, PageID.67.  The ALJ explained in detail why Brack's severe impairments did not meet Listings 1.02 (dysfunction of joints), 1.04 (disorders of spine), 3.02 (chronic respiratory disorders), 5.02 (gastrointestinal hemorrhaging), 12.04 (depressive disorders), 12.06 (anxiety disorders) and obesity.  *Id.*, PageID.67-69.  Based on a detailed review of the treating medical records and the consultative opinions, the ALJ found that Brack had the residual functional capacity (RFC)

> to perform light work as defined in 20 CFR 416.967(b) except [she] can occasionally climb ladders, ropes, or scaffolds. She can occasionally kneel, crouch, or crawl. She can frequently balance, stoop, or climb ramps or stairs. She cannot work in extremes of hot or cold. She cannot work at unprotected heights or around moving mechanical parts. She can occasionally work around pulmonary irritants such as fumes, odors, dusts, or gases. She can perform simple and routine tasks, as well as make simple work-related decisions. She can occasionally interact with others.

*Id.*, PageID.70-78.

In assessing Brack's physical limitations, the ALJ considered the opinion of a state agency consultant and incorporated it in the RFC. ECF No. 14, PageID.77. The ALJ noted normal x-rays of her lumbar and sacral spine, normal sensory examinations, negative bilateral straight leg raises, and normal range of motion and strength. *Id.*, PageID.71-72. He described the excellent results from the caudal epidural steroid injections for Brack's bilateral sciatica. *Id.*

The ALJ acknowledged Brack's diagnosis of obstructive sleep apnea, but records showed that she was doing well using her CPAP equipment six to seven nights per week, with less fatigue during the day. *Id.*, PageID.74. The ALJ also discussed Brack's complaints of upper abdominal pain, noting five years of normal ultrasounds and a March 2017 EGD with gastric biopsy for a preoperative diagnosis of GERD. *Id.*, PageID.73. Postoperative diagnosis showed normal anatomy with no evidence of gastritis or reflux esophagitis, and the surgical pathology report showed normal postoperative diagnosis. *Id*. The ALJ recognized the diagnosis of small umbilical hernia without obstruction or gangrene. *Id*. Brack was instructed to stop smoking because excessive coughing caused the hernia. *Id.* Finally, the ALJ considered the effects of Brack's obesity on her other severe impairments, finding that she had a normal gait and range of

motion, normal x-rays of her spine and knee, and that no medical source attributed additional or cumulative limitations to obesity.  *Id.*, PageID.74.

With respect to Brack's mental impairments, the ALJ considered the opinion evidence of both the reviewing and examining consultants.  ECF No. 14, PageID.76-77.  She found them to be consistent with the longitudinal record and the hearing testimony, and supported by Brack's limited mental health treatment and normal mental status findings.  *Id.*, PageID.76.  The ALJ gave weight to Brack's subjective complaints and found that the she had moderate limitations in understanding, remembering, or applying information; in interacting with others; and in concentrating, persisting, or maintaining pace.  *Id.*  She had a mild limitation in adapting or managing oneself.  *Id.*

The ALJ also acknowledged Brack's diagnosis of adjustment disorder with mixed anxiety and depressed moods, generalized anxiety disorder, and panic disorder. *Id.*, PageID.74.  He noted that Brack had no formal mental health treatment until May 2018, and reported no outpatient psychotherapy or anti-anxiety medication at her 2017 consultative examination.  *Id.*  The ALJ found that Brack's mental status examinations were largely normal, and that the consultive examiner's evaluation suggested that Brack suffered from a manageable mood disorder that

8

would likely improve with psychotherapeutic and medical interventions.  *Id.*, PageID.75.

In sum, the ALJ formulated an RFC to account for Brack's mental and physical limitations.  The ALJ complied with procedural requirements and made a decision supported by substantial evidence.  "Regardless of the split of authority between *Wright* and the other cases from this district cited above," Brack's complaint should be dismissed under Rule 41(b).  *Porter*, 2019 WL 4127156, at *4.

### C.

Even if the Court were not to dismiss for failure to prosecute, plaintiffs cannot "leave it to the [c]ourt to scour the record for evidence" to support her claims.  *Sabotta*, 2018 WL 36261590, at *3.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (internal quotations omitted).  Without a motion for summary judgment, the Court does not have the necessary "developed argumentation," but it can address the basis for relief identified in Brack's complaint.  ECF No. 1.

In the complaint, Brack asserts that the Commissioner erred by refusing to consider records of the disability determination from the State of Michigan. *See* ECF No. 14, PageID.86-93. Brack acknowledges that her representative did not provide the state disability determination to the ALJ. ECF No. 1. The determination was provided to the Appeals Council, but such records cannot be considered by the Court for the purposes of a substantial evidence review. ECF No. 1; ECF No. 14, PageID.86-93; *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 838 (6th Cir. 2016).

The Court may consider new evidence if it "is material and…there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The state disability determination Brack seeks to advance here does not meet either requirement for consideration of new evidence.

First, Brack concedes the evidence pre-dated her hearing before the ALJ. ECF No. 1. That her attorney neglected to submit this evidence to the ALJ does not constitute good cause for a sentence six remand. *Hairston v. Comm'r of Soc. Sec.*, 2015 WL 4633935, at *5 (E.D. Mich. Aug.3, 2015). Second, the State disability determination is not material for purposes of a sentence six remand. "New evidence is material only if there is a reasonable probability that the Secretary would have reached a

different disposition of the claim if presented with the new evidence." *Miller*, 811 F.3d at 839 (internal quotation and marks omitted). Decisions by other governmental entities are not binding on the Commissioner. *Tate v. Comm'r of Soc. Sec.*, 2011 WL 6293556, at *11 (E.D. Mich. Nov. 18, 2011), *adopted* 2011 WL 6217067 (E.D. Mich. Dec. 14, 2011) (disability finding by State of Michigan was not entitled to deference from ALJ or Magistrate Judge). ALJs are not required to consider the conclusion of a state agency that a plaintiff is disabled because disability decisions of other governmental agencies are based upon those agency's rules, not the regulations applicable here. *Id.* (citing *Elias v. Comm'r of Soc. Sec.*, 2009 WL 5166200, at *7 (E.D. Mich. Dec. 18, 2009)). Thus, Brack has not presented reasonable probability that the state disability determination alone would have prompted the ALJ to reach a different conclusion about her disability claim. Remand is not warranted.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Brack's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b). Alternatively, the Court **RECOMMENDS** that the Commissioner's motion be **GRANTED**, and the ALJ's decision be **AFFIRMED**.

Dated: August 9, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

12

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 9, 2021.

>  s/Marlena Williams
>  MARLENA WILLIAMS
>  Case Manager